## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE B. CREAMER** | § § | **CIVIL ACTION** |
| **VS.** | § § | **NUMBER:** |
| **ALLIED MARINE SERVICES, LLC** | § § | **SECTION & MAGISTRATE:** |

---

### SEAMAN'S COMPLAINT FOR DAMAGES

---

The Complaint of GEORGE CREAMER (hereinafter also "petitioner"), a person of the full age of majority and a resident of and domiciled in the State of Florida, through his undersigned counsel, respectfully represents:

1.

The following parties are made defendants herein:

A) **ALLIED MARINE SERVICES, LLC,** a domestic corporation authorized to do and doing business in the State of Louisiana, who designates its primary business establishment in Plaquemines Parish as 13871 Highway 23, Jesuit Bend, Louisiana 70037.

2.

The defendant is justly and truly indebted to petitioner for all damages that are reasonable in the premises, together with legal interest thereon from the date of injury and for all costs of these proceedings, based on the law and the following factual allegations.

3.

This Honorable Court has jurisdiction over both the subject matter of this controversy and the person of the parties before it.

4.

Venue is proper in this Honorable Court.

5.

At all pertinent times, petitioner, George Creamer, was a seaman employed by defendant, Allied Marine Services, LLC and was assigned as a member of the crew of the M/V ALLIED ELEVATOR NO. 1 (lift or jack-up vessel).

6.

At all pertinent times set forth, defendant, Allied Marine Services, LLC, owned and/or managed, operated and/or controlled the vessel known as the M/V ALLIED ELEVATOR NO. 1.

7.

At all pertinent times, the M/V ALLIED ELEVATOR NO. 1 was engaged in commerce and/or trade on the navigable waters of the United States of America.

8.

On or about May 17, 2009, the M/V ALLIED ELEVATOR NO. 1 jacked up next to a dock in Empire, Louisiana.

9.

After the M/V ALLIED ELEVATOR NO. 1 was jacked up next to the dock, petitioner began manually moving an aluminum walkway/gangway to be placed across from the vessel to the shore.

10.

While in the process of manually moving the walkway, petitioner sustained serious and disabling injuries to his neck.

11.

As a consequence of the aforesaid injury, petitioner categorizes his damages which he is entitled to recover from the defendant, in solido, as follows:

- a) Past and future medical expenses, including, but not limited to physicians, hospitals, medication, etc.;

- b) Past and future rehabilitative expenses;

- c) Loss of past and future income, wages, benefits, and other compensation;

- d) Loss of earnings capacity;

- e) Loss of insurability;

- f) Present, past and future physical pain and suffering;

- g) Past and future mental and emotional anguish and distress;

- h) Disfigurement;

- i) Loss of enjoyment of life;

- j) Costs of these proceedings and expert fees; and

- k) Any and all other damages which will be shown through discovery and proven at trial.

12.

Pleading further, in the alternative, if it be shown that petitioner was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

13.

It is alleged upon information and belief that the damages suffered by petitioner were caused by the negligence of defendant, Allied Marine Services, LLC and/or the unseaworthiness of the M/V ALLIED ELEVATOR NO. 1, which was owned and/or operated by Allied Marine Services, LLC, through the following non-exclusive particulars:

1. Failure to follow reasonable and necessary safety precautions in the operation and employment of its equipment, personnel and vessels;

2. Failure to secure and/or supply equipment, apparel and furnishings which were safe and in all respects fit for their intended purpose and use;

3. Failure to carefully inspect vessel and its deck for deficiencies;

4. Failing to provide a safe place to work;

5. Failing to follow reasonable and necessary safety precautions in the operation and employment of its equipment and personnel;

6. Failing to properly train, supervise, and/or inform personnel of the known hazards or risks associated with the operations being conducted at the time of the incident;

7. Failing to secure and/or supply equipment, apparel and furnishings which were safe and in all respects fit for their intended purpose and use;

8. Failing to carefully inspect the equipment for deficiencies;

9. Failing to devise and implement an operational plan which sufficiently considered personnel safety issues;

10. Failing to provide the proper equipment to safely conduct the operations being conducted at the time of the incident;

11. Failing to maintain the subject vessel in a condition such that it was reasonably fit for its intended use and purpose;

12. Failing to maintain appertunances or equipment on the vessel in a condition such that it was reasonably fit for its intended use and purpose;

13. Failing to comply with the safety standards of the industry in conducting the operations that were being conducted at the time of this incident;

14. Failing to comply with company safety rules and/or regulations in conducting the operations that were being conducted;

15. Failing to comply with governmental safety rules and/or regulations applicable to the operations being conducted on the date of this incident; and

16. Any and all other acts of negligence, and/or fault and/or acts or omissions of the defendants and/or any other conditions of unseaworthiness which may be proven at the trial of this matter or discovered prior thereto.

14.

Petitioner claims his entitlement to receive maintenance and cure benefits from the date of his accident until such time as he achieves maximum medical improvement.

15.

Petitioner is entitled to maintain this action against and seek recovery from the defendants under the Jones Act and General Maritime Law.

WHEREFORE, petitioner, GEORGE CREAMER, prays that the named defendant be served with a certified copy of the petition, and be duly cited to appear and answer same and after all proceedings are had that there be judgment rendered in favor of petitioner, GEORGE CREAMER, and against the defendant, ALLIED MARINE SERVICES, LLC, in solido, for all

damages that are reasonable in the premises, together with legal interest from date of injury, for all costs of these proceedings and for all general and equitable relief which the Court deems necessary and proper under the circumstances.

Respectfully submitted;

_____
PATRICK H. YANCEY (#23381)
LAW OFFICE OF PATRICK YANCEY
761 West Tunnel Blvd., Suite C
Houma, LA 70360
Telephone: (985) 853-0904
ATTORNEY FOR PETITIONER

**PLEASE SERVE:**

**ALLIED MARINE SERVICES, LLC**
Through its agent for service of process:
Stephen O. Scandurro
8748 Highway 23
Belle Chasse, LA 70037